IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK GRANO, individually and as
Personal Representative of the
Wrongful Death Estate of John
Rogers, deceased; BILLIE ROGERS;
JOHN ROGERS, JR.; and DANA
DAVILA, Plaintiffs,

vs. No. 1:16-cv-00937 JCH/KK

CITY OF BLOOMFIELD; ANDREW
DARBY; and DOES 1 through 10,
inclusive, Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SANCTIONS/MOTIONS TO COMPEL

**THIS MATTER** came before the Court on *Defendant City of Bloomfield's Opposed Motion to Compel or for Sanctions Against Estate of John Rogers* (Doc. No. 40), *Defendant Andrew Darby's Opposed Motion to Compel or for Sanctions Against Estate of John Rogers* (Doc. No. 41), and *Defendant City of Bloomfield's Opposed Motion to Compel or for Sanctions Against Individual Plaintiffs* (Doc. No. 42). The Court having reviewed the Plaintiffs' responses (Doc. Nos. 49, 50 and 51) to the foregoing motions, having reviewed the Defendants' Replies (Doc. Nos. 54, 55 and 56) in support of the motions, having heard the arguments of counsel on June 30, 2017 (as reflected in the *Clerk's Minutes*, Doc. No. 63 (filed June 30, 2017)), and being fully advised in the premises, FINDS that the Motions are well-taken in part and are hereby GRANTED in part as set forth below.

**IT IS THEREFORE ORDERED** that all Plaintiffs in this matter shall be required to review and supplement their respective answers/responses to the following discovery requests by **July 31, 2017**:

• Defendant City of Bloomfield's First Set of Interrogatories to Plaintiff Marc Grano as

Personal Representative of the Estate of John Rogers;

- Defendant City of Bloomfield's First Set of Requests for Production to Plaintiff/Personal Representative Marc Grano;

- Defendant City of Bloomfield's First Set of Requests for Admissions to Plaintiff/Personal Representative Marc Grano;

- Defendant City of Bloomfield's First Set of Requests for Production Nos. 2 to 5 to Plaintiff Billie Rogers;

- Defendant City of Bloomfield's First Set of Requests for Production Nos. 2 to 4 to Plaintiff Dana Davila;

- Defendant Andrew Darby's First Set of Interrogatories to Plaintiff/Personal Representative Marc Grano;

- Defendant Andrew Darby's First Set of Requests for Production to Plaintiff/Personal Representative Marc Grano; and

- Defendant Andrew Darby's First Set of Requests for Admissions to Plaintiff/Personal Representative Marc Grano.

With respect to the Responses to Defendants' Requests for Admissions, the Court reminds Plaintiff/Personal Representative Grano that denials based on lack of knowledge by the personal representative are insufficient and improper, and that the personal representative has an obligation to reasonably investigate the facts in good faith. The Plaintiff/Personal Representative's Responses to Defendants' Requests for Admissions shall specifically admit or deny the matters or set forth in detail the reasons why the personal representative cannot truthfully admit or deny the matters. The personal representative cannot give lack of information or personal knowledge as a reason for failure to admit or deny unless the personal representative demonstrates that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny.

**IT IS FURTHER ORDERED** that Plaintiffs shall be required to supplement their initial

disclosures with their damages computation in accordance with FED. R. CIV. P. 26(a)(1)(A)(iii) by **July 31, 2017**.

**IT IS FURTHER ORDERED** that the "Preliminary Statement and General Objections" preceding each and every one of Plaintiffs' discovery responses are hereby **STRICKEN** and **OVERRULED**.

**IT IS FURTHER ORDERED** that all objections to the Defendant City of Bloomfield's contention interrogatories lodged by Plaintiff/Personal Representative Marc Grano are hereby **OVERRULED**, except that any attorney-privilege claims made in response to the Defendants' discovery requests are not stricken at this time but should be retracted unless a privilege log is served with the Plaintiff's supplemental discovery responses.

**IT IS FURTHER ORDERED** that, pursuant to FED. R. CIV. P. 37(a)(5)(A) and (C), Defendants are awarded all reasonable attorneys' fees and costs associated with 1) attempting to resolve the discovery disputes underlying their Motions for Sanctions, 2) the briefing and filing of the Motions and Replies in support thereof, and 3) preparing for and attending the June 30, 2017 hearing on this matter. Defendants are instructed to submit affidavits regarding attorney's fees and costs incurred in connection with the foregoing within ten days of the entry of this Order.

**IT IS FURTHER ORDERED THAT** within twelve days of the entry of this Order, counsel for Plaintiff, Gregory Peacock, Jonathan Teller, Philip Layfield, Slav Kasreliovich and Layfield & Barrett, APC, **show cause in writing why the Rule 37 sanctions awarded herein should not be imposed against Layfield & Barrett, APC and/or its members as opposed to Plaintiff.** Fed. R. Civ. P. 37(a)(5)(A) (authorizing the imposition of sanctions for discovery

violations against the opposing party, *its attorney*, or both). This show cause order is not an invitation to revisit the Court's award of sanctions for the discovery violations.

**IT IS FURTHER ORDERED** that Defendants' requests for dismissal of this case as a sanction and for the Court to deem admitted Plaintiffs' untimely and/or otherwise improper responses to Defendants' Requests for Admissions are hereby **DENIED**.

**IT IS FURTHER ORDERED** that any continued discovery abuses by the Plaintiffs in this matter may result in the dismissal of this action as a sanction.

**IT IS SO ORDERED.**

_____
KIRTAN KHALSA
United States Magistrate Judge